IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

James D. Brown,                             Case No. 5:12 CV 1560

         Petitioner,                    MEMORANDUM OPINION
            -vs-                          AND ORDER

                                         JUDGE JACK ZOUHARY
Terry Tibbles,

         Respondent.

### INTRODUCTION

*Pro se* Petitioner James Brown filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. 1). This case was referred to the Magistrate Judge whose Report and Recommendation (R&R) recommended this Court deny the Petition (Doc. 17). Petitioner timely objected (Doc. 20). In accordance with *Hill v. Duriron Co.*, 656 F.2d 1208 (6th Cir. 1981) and 28 U.S.C. §§ 636(b)(1)(B) & (C), this Court has reviewed the Magistrate Judge's conclusions de novo. For the reasons that follow, this Court adopts the R&R and denies the Petition.

### BACKGROUND

The R&R sets forth the relevant factual and procedural background, and the following suffices as a brief summary. Following a January 2010 bench trial in Summit County Court of Common Pleas, Petitioner was convicted of four counts of rape, three counts of sexual battery, and four counts of corrupting another with drugs (Doc. 8-1). He was originally sentenced to a 24-year term of incarceration, which was reduced to a 23-year term following a remand from the state appellate court on a sentencing issue (Doc. 8-1 at 127–49). He is presently incarcerated in Mansfield Correctional

Institution. *See* http://www.drc.state.oh.us/OffenderSearch/details.aspx?id=A581955 (last visited September 24, 2013).

The convictions relate to allegations of rape, sexual battery and corruption with drugs of Petitioner's girlfriend's daughter. The Magistrate accurately summarized the factual basis of the allegations as recounted by the Ohio Court of Appeals, *State v. Brown*, 2011-Ohio-1041 (Ohio Ct. App. 2011) appeal not allowed, 128 Ohio St. 3d 1559 (2011), as follows:

> Kimberly Truman (Ms. Truman) had two sons with Petitioner. Ms. Truman also had a daughter, AW, from a previous relationship. Although they never married, Ms. Truman and Petitioner lived together over the years. Petitioner became a father figure to AW, and Petitioner and Ms. Truman raised their children and AW as a family.
>
> When she was five years of age, AW told members of her family that Petitioner had asked her to "lick certain areas of his private place." Ms. Truman, ultimately dismissed AW's accusation, believing it to be the result of AW's having seen Truman and Petitioner being intimate the week earlier.
>
> After AW turned fourteen years old, she began acting out. She smoked marijuana, drank alcohol, and saw her boyfriend over Ms. Truman's protests. In early April 2009, AW ran away from home, prompting Ms. Truman to call the police. Ms. Truman decided to have a "heart to heart" talk with AW shortly thereafter to try to discover the source of her unruly behavior. AW confided that Petitioner had been sexually abusing her over the course of several months. Specifically, Petitioner had digitally penetrated AW, performed oral sex on her, and made AW perform oral sex on him.
>
> AW alleged that Petitioner had provided her with marijuana and alcohol on more than one occasion, after which he would take advantage of her intoxication. These incidents took place at the family's home, at the family's cabin, and in the family's Dodge Durango. Truman called the police after she talked with AW, and the police took statements from both of them. AW also underwent an interview and examination at the Akron Children's Hospital CARE Center ("CARE Center") (Doc. 17 at 2).

Petitioner timely appealed his conviction to the Ohio court of appeals and the Ohio Supreme Court. He filed the instant Petition in this Court asserting ten grounds for relief:

1. In a harmless error analysis, a reviewing court errs by placing the burden on the defendant to demonstrate that the error affected his substantial rights when the burden must be on the State to demonstrate that error did not affect substantial rights of the defendant.

2. The alleged victim of sexual abuse case recants prior to trial and testifies that she made up the sexual abuse allegation prior to trial and testifies that she made up the sexual abuse allegations and there is no other direct evidence of sexual abuse.

3. There is insufficient evidence in a bench trial when the State fails to present sufficient relevant, material and competent evidence to support a conviction because in a bench trial the judge is presumed to rely only upon the relevant, material and competent evidence in arriving at its conclusion.

4. Because a trial judge is presumed to consider only relevant, material, and competent evidence in convicting a criminal defendant in a bench trial, a reviewing court cannot consider irrelevant, immaterial, or incompetent evidence to affirm the defendant's conviction on appeal from a bench trial.

5. When a trial judge makes finding of fact and conclusions of law after a bench trial in which the trial judge explains its reasons for convicting the defendant, those findings of fact and conclusions of law may be used to overcome the presumption that a trial judge in a bench trial considers only relevant, material, and competent evidence in convicting the defendant.

6. Statements admitted pursuant to Ohio Evidence Rule 803(A) are admitted in error when the declarant testifies that she did not make the statement for the purpose of medical diagnosis or treatment.

7. The admission of inadmissible hearsay in a bench trial is prejudicial to a defendant when applying the prejudice prong of the ineffective assistance of counsel test where the only other evidence admitted at trial was also inadmissible hearsay and a trial judge is presumed to consider only relevant, material, and competent evidence in convicting defendant after a bench trial.

8. A defendant is denied the effective assistance of counsel in violation of the Ohio and United States Constitutions when his counsel fails to object to the admission of statements and alleged sexual abuse victim made to police and at a CARE Center when those statements are admitted under Evid. R. 803(A) and the declarant testifies at trial that she made the statements for some purpose other than medical diagnosis or treatment.

9. A trial judge abuses her discretion and denies a defendant his right to present a defense when she denies a defendant a request for continuance so he may obtain his own computer expert when the State's computer expert revealed a significant amount of findings in a final report which was completed in the middle of trial.

3

> 10. A trial judge errs by failing to provide a defendant the right of allocution until after she passed sentence (Doc. 1).

## STANDARD OF REVIEW

When a federal habeas claim has been adjudicated by the state courts, 28 U.S.C. § 2254(d)(1) provides the writ shall not issue unless the state decision "was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States." A federal court may grant habeas relief if the state court arrives at a decision contrary to the Supreme Court of the United States on a question of law, or if the state court decides a case differently than did the Supreme Court on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 404 (2000). The appropriate standard is whether a state court's application of clearly established federal law was unreasonable, and not merely erroneous or incorrect. *Id.* at 409–11; *see also Machacek v. Hofbauer*, 213 F.3d 947, 953 (6th Cir. 2000). This is a demanding standard met "only if reasonable jurists would find it so arbitrary, unsupported or offensive to existing precedent as to fall outside the realm of plausible credible outcomes." *Barker v. Yukins*, 199 F.3d 867, 872 (6th Cir. 1999).

## DISCUSSION

In order for this Court to review the merits of this case, Petitioner must have fairly presented his federal habeas claims in the appropriate state courts before filing a federal habeas petition. *See Seymour v. Walker*, 224 F.3d 542, 549 (6th Cir. 2000). The Magistrate properly found that Petitioner adequately presented all but his sixth ground for habeas relief in state court, and that his sixth ground is subsumed by the eighth (Doc. 17 at 13–15). This Court therefore will review grounds 1–5 and 7–10 on the merits.

**Ground 1**

Petitioner argues he was denied his due process rights when the trial court admitted computer records showing that he viewed pornography that included teenage girls, and that the state appellate court improperly applied Ohio's harmless error standard when reviewing this claim.  The state appellate court did not expressly rule on the propriety of admitting this evidence; rather, it found that even assuming error, Petitioner could not demonstrate prejudice.

In essence, Petitioner objects to a state court evidentiary ruling, and a state court's application of its own legal standard.  This is not the province of a federal habeas court.  *Sanborne v. Parker*, 629 F.3d 554, 575 (6th Cir. 2010) ("[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions.").  "[E]rrors in application of state law, especially with regard to the admissibility of evidence, are usually not cognizable in federal habeas corpus."  *Id.*  Petitioner cannot show that the state court evidentiary ruling and application of the standard conflicts with Supreme Court precedent, and, in any event, his claim does not raise a due process concern of constitutional magnitude because he has not demonstrated that the admission of this evidence was egregiously unfair or misleading.  After conducting the required de novo review, this Court adopts the R&R's reasoning on Ground 1.

**Grounds 2 and 3**

Petitioner challenges the sufficiency of the evidence for conviction in light of AW's recantation of her allegations at trial.  Where a petitioner challenges the constitutional sufficiency of the evidence used to convict him, this Court:

> must determine whether, viewing the trial testimony and exhibits in the light most favorable to the prosecution, *any rational trier of fact* could have found the essential elements of the crime beyond a reasonable doubt . . . [while] not reweigh[ing] the evidence, re-evaluat[ing] the credibility of witnesses, or substitut[ing this Court's] judgment for that of the jury.

*Brown v. Konteh*, 567 F.3d 191, 204–05 (6th Cir. 2009) (emphasis in original); *see Jackson v. Virginia*, 443 U.S. 307 (1979).

After de novo review, this Court agrees with and adopts the Magistrate's reasoning denying relief on these grounds (Doc. 17 at 18–24). The case at trial hinged on credibility determinations by the trial judge: whether to believe AW's recantation at trial, or to believe her earlier statements to the grand jury, police, and CARE Center personnel in combination with the testimony of several of AW's friends and family members. Although it is true that AW recanted her allegations, this is not a *per se* bar to conviction, as an alleged victim of sexual abuse may recant his or her allegations for any number of reasons. And it is the job of the trial court to assess the credibility of witnesses, including the believability of AW's recantation in light of testimony that AW apparently was offered, among other things, college tuition and a car, in return for not testifying against Petitioner at trial. Here, all witnesses aside from AW testified similarly that AW told them Petitioner had sexual contact with AW beginning at age 5, and provided AW with drugs and alcohol, and this testimony was sufficient for any rational trier of fact to convict Petitioner.

**Grounds 4 and 5**

Petitioner objects to the trial court's admission of hearsay evidence about alleged sexual abuse, in the form of testimony from AW's family, friends, and a medical professional, about what AW told them, as well as police records of what AW told the police. Similar to the discussion on Ground 1, Petitioner here seeks review of a state court's evidentiary ruling, which is not the province of this federal habeas Court. But even if these grounds were cognizable in federal habeas, after conducting a de novo review, this Court adopts the Magistrate's reasoning denying relief (Doc. 17 at 24–26). Specifically, the trial court would have been within its discretion to find admissible child-victim

statements to health care professionals for purposes of treatment or diagnosis. The admission of these statements was not contrary to or an unreasonable application of federal law.

**Grounds 7 and 8**

Petitioner argues his counsel was ineffective for failing to object to the admission of certain evidence, including AW's written statement prepared for the police; the testimony of the CENTER Care health professional, Cathy Laube; and the DVD of the interview of AW conducted by Laube.

The effectiveness of counsel is governed by the test in *Strickland v. Washington*, 466 U.S. 668 (1984), which provides that Petitioner must show deficiency and prejudice in order to succeed. *Rayner v. Mills*, 685 F.3d 631, 636 (6th Cir. 2012). For deficiency, Petition must show his "'counsel's representation fell below an objective standard of reasonableness,'" and for prejudice he must show "'there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'" *Id.* (quoting *Strickland*, 466 U.S. at 688, 694). This Court's role is to determine whether the state court's application of the *Strickland* test was objectively unreasonable. After de novo review, this Court adopts the R&R's reasoning on these grounds (Doc. 17 at 26–29).

First, counsel's failure to object to the admission of the police statement did not fall below the objective standard of reasonableness, nor would the outcome of trial have been different had the statement not been admitted. Although the statement is hearsay evidence, the state appellate court reasoned that the statement was surplusage in light of all the other, similar testimony regarding AW's allegations against Petitioner. For that reason, even if failing to object to this evidence fell below the requisite standard of reasonableness (which this Court finds it did not), Petitioner cannot show that the trial's result would have been different had trial counsel objected. Second, Petitioner is incorrect

7

to assert that counsel was ineffective for failing to object to Laube's testimony and the DVD of Laube's interview with AW because counsel did so object (*id.* at 29).

**Ground 9**

Petitioner argues he was denied a fair trial because the district court denied his motion for a continuance. Denial of a continuance rises to the level of a constitutional violation only where a petitioner suffers prejudice as a result of "an unreasoning and arbitrary insistence upon expeditiousness in the face of a justifiable request for delay." *Burton v. Renico*, 391 F.3d 764, 772 (6th Cir. 2004) (internal quotation marks omitted). Having reviewed the R&R de novo, this Court adopts the R&R's reasoning (Doc. 17 at 29–32) and denies relief on this ground.

On the second day of trial, and after reviewing an expert report proffered by the State, Brown's attorney requested a continuance so he could potentially hire a computer expert to rebut the anticipated testimony of the State's expert. The trial court denied the request because, among other reasons, counsel had known for at least three months before trial that the State would seek to introduce evidence obtained from the computer in AW's home and had failed to retain and proffer relevant expert testimony. Specifically, counsel knew the State would introduce evidence that certain "teen pornographic websites" had been accessed from the computer. The state appeal court overruled Petitioner's assignment of error on this ground in part because of the lateness of the request, and also because it found no prejudice where the testimonial evidence against Petitioner was strong, and the computer evidence was minor in relation to the testimony.

Viewed in light of the totality of the circumstances, the denial of Petitioner's motion for continuance was not arbitrary or lacking in reason, and as such is neither contrary to, nor an unreasonable application of, Supreme Court precedent.

**Ground 10**

Petitioner argues his due process rights were violated when the trial court failed to afford him the opportunity to allocute prior to sentencing pursuant to Ohio Criminal Rule 32(A). While "there is no right to allocute under the federal constitution," *Goff v. Bagley*, 601 F.3d 445, 464 (6th Cir. 2010), this Court construes Ground 10 as asserting Petioner was denied due process and a fair trial. He was not. Although he did not have the opportunity to allocute before his original sentence, that sentence was reversed and he *did* have the opportunity to allocute before his resentencing. Thus, even if there were such an absolute right under federal law, Petitioner was in fact given such an opportunity before the operative sentence was handed down. This claim for relief is denied.

**Motions for Trial Transcripts and Discovery**

Finally, Petitioner moved this Court for additional trial transcripts and for discovery (Docs. 11 & 15), the Magistrate denied both (Docs. 13 & 16), and Petitioner now objects to those Orders. This Court reviews the Magistrate's Orders de novo, finds no error, and adopts their reasoning.

## CONCLUSION

For the foregoing reasons, this Court adopts the R&R and denies the Petition. Furthermore, Petitioner has not made a substantial showing of the denial of a constitutional right, so this Court declines to issue a certificate of appealability pursuant to 28 U.S.C. § 2253.

IT IS SO ORDERED.

    s/ *Jack Zouhary*
JACK ZOUHARY
U. S. DISTRICT JUDGE

September 30, 2013